IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leon Bailey, Jr., | No. CV-25-01145-PHX-SPL |
| Petitioner, | **ORDER** |
| vs. | |
| Ryan F. Thornell, et al., | |
| Respondents. | |

The Court has before it, Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 7), the Answer from the Respondents (Doc. 12), and a Reply from the Petitioner (Doc. 13). Additionally, the Court has also considered the Report and Recommendation ("R&R") from the Magistrate Judge (Doc. 14), Petitioner's Objections (Doc. 21), and Respondents' Response (Doc. 23).

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b) (1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial

economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

The Court has carefully undertaken an extensive review of the sufficiently developed record. The Petitioner's objections to the findings and recommendations have also been thoroughly considered.

After conducting a *de novo* review of the issues and objections, the Court reaches the same conclusions reached by the magistrate judge. This Court finds Judge Bachus correctly concluded that Petitioner's claims in Grounds One, Two, Three, Four, Five, Six, and Seven (a)–(e) were not properly exhausted and procedurally defaulted. (Doc. 14 at 18–22). The Court further agrees that Petitioners claims for ineffective assistance of counsel in Grounds Seven (f)–(h) were properly exhausted but he failed to show how counsel's performance fell below an objective standard of reasonableness. (Doc. 14 at 22–27). The R&R will be adopted in full.

Accordingly,

**IT IS ORDERED:**

1. That Magistrate Judge Alison S. Bachus's Report and Recommendation (Doc. 14) is **accepted** and **adopted** by the Court;

2. That the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 7) is **denied** and **dismissed with prejudice**;

3. That a certificate of appealability and leave to proceed *in forma pauperis* on appeal are **denied**; and

4. That the Clerk of Court shall enter judgment and **terminate** this action.

Dated this 15th day of April, 2026.

_____
Honorable Steven P. Logan
United States District Judge

2